**Yu Yun CHEN Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Ashcroft, Respondent.**

No. 03–4056.

United States Court of Appeals, Second Circuit.

June 1, 2005.

Yee Ling Poon, Law Offices of Yee Ling Poon (Robert Duk–Hwan Kim, on the brief), New York, N.Y. (on submission), for Petitioner.

Anthony J. Labruna, Jr., Assistant United States Attorney for Christopher J. Christie, United States Attorney for the District of New Jersey, Newark, NJ (on submission), for Respondent.

PRESENT: JACOBS, CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

## SUMMARY ORDER

Yu Yun Chen ("Chen") petitions for review of the EOIR's decision denying him asylum, withholding of removal and Convention Against Torture ("CAT") relief. On appeal, Chen argues that the EOIR erred in denying his various applications for relief. In addressing Chen's claims, we assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

Chen, a native and citizen of the People's Republic of China, arrived in the

United States on April 16, 2000, and was placed in removal proceedings. Chen conceded removability, but sought asylum, withholding of removal, and CAT relief. A hearing was held on Chen's claims for relief on June 14, 2001.

At the hearing, Chen described his and his wife's difficulties with the Chinese birth control officials prior to his arrival in the United States. According to Chen, these difficulties included fines, imprisonment, and his wife being forced to use an intrauterine device ("IUD"). The couple's problems with the officials allegedly culminated in June, 2000, when—after Chen's departure for the United States—Chen's wife was forced to undergo an abortion.

At the conclusion of the hearing, the IJ issued an oral decision, finding Chen to be incredible, and denying Chen's applications for relief. The BIA subsequently affirmed.

We review an IJ's adverse credibility finding for substantial evidence. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Under this deferential standard of review, we will not *reverse* unless "any reasonable adjudicator" would be compelled to find the alien to be credible. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 149 (2d Cir.2003) (internal quotation marks omitted). We will *vacate* an IJ's decision, however, where an IJ "has not applied the law correctly, or has not supported its findings with record evidence." *See id.* We will also vacate where "we are deprived of the ability adequately to review" the IJ's action, by virtue of the IJ's failure to consider important evidence supporting the alien's claim. *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

* The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

Two aspects of the IJ's decision persuade us that this case is among those that must be returned to the agency for further review: 1) the IJ's reliance on the allegedly "vague" nature of Chen's testimony with respect to his wife's abortion, *see Matter of Yu Yun Chen*, No. A 77 309 453—New York at 7–14 (Imm. Judge July 24, 2001) (*hereinafter "Matter of Chen"*); and 2) the IJ's failure to clarify whether certain important corroborative documents in the record were considered. Together, these factors render us unable "adequately to consider whether substantial evidence supports" the IJ's adverse credibility finding.[1] *See Tian–Yong Chen*, 359 F.3d at 128. Accordingly "[t]he appropriate course of action is to grant the petition for review, vacate the decision, and remand the case . . . ." *Id.* at 129.

■ In finding Chen to be incredible, the IJ relied considerably on what it perceived to be the suspiciously vague nature of Chen's testimony relating to his wife's abortion. *See, e.g., Matter of Chen*, at 7 (citing a part of Chen's testimony—in which he indicated that his wife "did not say much" about the abortion when they discussed it—as "an example of the very vague and sketchy nature of [Chen's] testimony"); *see also id.* at 10 (discussing Chen's inability, in his asylum testimony, to describe his wife's health difficulties following the abortion in medical terms and citing this as "an example of the lack of detail in [Chen's] testimony"). We are unable, however, to find support in the record for the IJ's conclusion in this regard.

Chen was not in China at the time of his wife's alleged abortion. *Cf. Zhou Yun Zhang*, 386 F.3d at 79 n. 11. And, Chen specifically testified that his wife was not forthcoming in the phone call during which the couple discussed the incident. Furthermore, some of the details which the IJ found to be lacking—such as a more specific description of Chen's wife's medical ailments following the abortion—were not of the kind that one would anticipate an individual of Chen's education to be able to relate. *Cf. Diallo v. INS*, 232 F.3d 279, 289 (2d Cir.2000) (finding that it was unreasonable and erroneous for the BIA to expect that certain corroborative documents would be available to an alien, given the alien's "functional illiteracy" and "the circumstances of his departure."). We therefore find the IJ's reliance on this feature of Chen's testimony, in finding Chen to be incredible, to be unsupportable. *See Alvarado–Carillo v. INS*, 251 F.3d 44, 52–53 (2d Cir.2001).

■ We also agree with Chen that—in the particular circumstances of this case—the IJ's failure to discuss certain key corroborative documents is troubling. As our court has frequently indicated, a failure on the part of the agency to consider important material evidence may require vacatur. *See, e.g., Tian–Yong Chen*, 359 F.3d at 128–29; *see also Diallo*, 232 F.3d at 290 (indicating that "the presence of corroborating evidence" may be relevant to an IJ's assessment of credibility). In this case, Chen alleges that several key corroborative documents—including a certificate documenting his wife's abortion—were not considered by the IJ. While it is possible that the IJ intended to reject those documents in rendering an overall adverse credibility finding, that intent is not made explicit in the IJ's decision. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). And, this is not a case in which the proof of Chen's lack of credibility was so overwhelming that we can easily presume—even in the

---

**1.** The BIA's affirmance does not alter our    conclusion in this regard.

absence of any explicit statement by the IJ—that that was the IJ's intent.

For the foregoing reasons, we conclude that the petition for review should be GRANTED, Chen's removal order is VACATED and the case REMANDED to the agency for further proceedings consistent with this order. We have considered all of the respondent's arguments to the contrary, and find them to be without merit.